1

JONES & MAYER
James R. Touchstone, Esq., SBN 184584

2

jrt@jones-mayer.com
Bruce A. Lindsay, Esq., SBN 102794

3

bal@jones-mayer.com
Monica Choi Arredondo, Esq., SBN 215847

4

mca@jones-mayer.com
3777 North Harbor Boulevard

5

Fullerton, CA 92835

6

Tel: (714) 446-1400;
Fax: (714) 446-1448

7

8

Attorneys for Defendant
CITY OF COSTA MESA

CLERK U.S. ~~~~~~~ COURT

JAN 2  2019

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

11

12

CASA CAPRI RECOVERY, INC. a
California Corporation;

Case No:  8:18-cv-00329 JVS (PJWx)

13

*Assigned for all Purposes to:*
*The Honorable James V. Selna*

Plaintiff,

14

**STIPULATED**
**CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE**
**ORDER**

15

vs.

CITY OF COSTA MESA, a municipal

16

corporation;

17

Defendant.

*Note Court's changes*
*at page 7.*

18

And Related Consolidated Cases (for
Discovery Purposes):

19

National Therapeutic Services, Inc., et

20

al. 8:18-cv-01080-JVS (PJWx),
Pacific Shores, LLC,

21

8:18-cv- 01170-JVS (PJW);

22

SoCal Recovery, LLC,
8:18-cv-01304-JVS (PJW); and

23

Summit Coastal Living, Inc.,

24

8:18-cv-01369-JVS (PJW)

25

26

27

28

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order ("Confidentiality Agreement") is entered into by and between Defendant City of Costa Mesa, a municipal corporation, and Plaintiffs Casa Capri Recovery, LLC , National Therapeutic Services, Inc. (dba Northbound Treatment Services), Raw Recovery, LLC, Pacific Shores, LLC, SoCal Recovery LLC, and Summit Coastal Living, Inc. (collectively, "Parties") for the purpose of preventing the unauthorized disclosure of Confidential Information as defined below. The Parties agree to enter into this Confidentiality Agreement with respect to the disclosure of certain private, sensitive and otherwise confidential information ("Confidential Information.")

**1.     Definition of Confidential Information.** For purposes of this Agreement, any Party to the named lawsuits and any third party covered by this Order may designate as "Confidential" any information, document, thing, or portion of any document or thing ("Confidential Information") that contains:  (a) private or confidential personal information such as social security numbers (and the like), medical information and financial information; (b) sensitive or proprietary business information;  (c) information received in confidence from third parties; (d) Treatment Records, including any disclosure of discovery material consisting of treatment records, as defined under 42 U.S.C. § 290dd-2. (e) information which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, such as non-public contracts or agreements, medical or psychiatric records, substance abuse treatment records, employment records, and any other non-public business records or information; or (f) identification of any client or resident (or their relative) of any drug and alcohol treatment facility, drug and alcohol recovery home, sober living home or group home operated by any Party to the aforementioned lawsuits.  Any party to this litigation or third party covered by this Order  who produces or discloses any Confidential Information shall mark that Material with one of the

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1  following legends:  "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO
2  PROTECTIVE ORDER."

3      A.  The Parties recognize that the presence of an identified patient in a health
4  care facility or component of a health care facility which is publicly identified as a
5  place  where  only substance  use  disorder diagnosis, treatment,  or  referral
6  for treatment is provided, is protected under 42 U.S.C. §290dd-2, in the same
7  manner as are Treatment Records, and may only be disclosed in accordance with
8  42 U.S.C. § 290dd-2.

9      B.  The  Parties  further  recognize,  that  patient records subject  to  the
10  regulations in 42 CFR 2.13 may be disclosed or used  only as  permitted by the
11  regulations in that part and may not otherwise be disclosed or used in any civil,
12  criminal, administrative, or legislative proceedings conducted by any federal, state,
13  or local authority, other than the above-listed actions. Any disclosure made under
14  the regulations in this part must be limited to that information which is necessary to
15  carry out the purpose of the disclosure.

16

17      **2.**  **Exclusions from Confidential Information.** The following materials
18  or information are not considered to be confidential under this Confidentiality
19  Agreement and Protective Order: (1) material which is publicly known at the time
20  of disclosure or subsequently becomes publicly known through no fault of the
21  Receiving Party; (2) material which is discovered or created by the Receiving Party
22  before disclosure by the Disclosing Party; (3) material which is learned by the
23  Receiving Party through legitimate means other than from the Disclosing Party or
24  the Disclosing Party's representatives; or (4) material which is disclosed by
25  Receiving Party with the Disclosing Party's prior written approval.

26

27      **3.**  **This Litigation Only.** Confidential Information shall be used by the
28  receiving party solely for purposes of the prosecution or defense of this action (the

- 2 -
STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1   lawsuit styled *Casa Capri Recovery v. City of Costa Mesa*, in the United States
2   District Court for the Central District of California, case no. 8:18-cv-0329-JVS-
3   PJW and the consolidated actions National Therapeutic Services, Inc. (dba
4   Northbound Treatment Services), Raw Recovery, LLC, case no. 8:18-cv-01080-
5   JVS (PJWx), Pacific Shores, LLC, case no. 8:18-cv- 01170-JVS (PJW), SoCal
6   Recovery LLC, case no. 8:18-cv-01304-JVS (PJW), and Summit Coastal Living,
7   Inc., Case No. . 8:18-cv-01369-JVS (PJW) (the "Subject Lawsuits")), and shall not
8   be used by the Receiving Party for any business, commercial, competitive, personal
9   or other purposes, and shall not be disclosed by the Receiving Party to anyone other
10   than those set forth in Paragraph 4, unless and until the restrictions herein are
11   removed either by written agreement of counsel for the parties, or by Order of the
12   Court.

13

14       **4.**     **Access to Confidential Information.** Confidential Information and
15   the contents thereof may only be disclosed to the following individuals under the
16   following conditions, except by prior written agreement of the parties or by order
17   of the Court:

18           a.     Parties to the Subject Lawsuit, provided that any employee of a
19   party that is to receive Confidential Information has read and signed a non-
20   disclosure agreement in the form attached hereto as Exhibit A;

21           b.     Outside counsel (defined herein as any attorney at the parties'
22   outside law firms) and relevant in-house counsel for the parties;

23           b.     Experts or consultants retained by the parties for purposes of this
24   litigation, provided they have read and signed a non-disclosure agreement in the
25   form attached hereto as Exhibit A;

26           c.     Secretarial, paralegal, investigators, clerical, duplicating, data
27   processing, and personnel or contractors of the foregoing;

28           d.     The Court and court personnel;

e.      Any deponent may be shown or examined on any Confidential Information if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, is employed by the party who produced the Confidential Material, or if the producing party consents to such disclosure;

f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel (including, but not limited to, records collection vendors and e-discovery vendors), jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom, in depositions, or in mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such Confidential Information, provided they have read and signed a non-disclosure agreement in the form attached hereto as Exhibit A.

**5.      Depositions.**  Where a deposition involves the disclosure of a party's Confidential Information, that party may, within fifteen (15) days following receipt of the deposition transcript, inform the other party that portions of the transcript are to be designated Confidential.  Upon being informed that portions of a deposition are to be designated Confidential, the parties shall immediately and appropriately mark each copy of the transcript in their custody or control as Confidential, and shall limit disclosure of that transcript in accordance with the provisions of Paragraphs 3 and 4 above.

**6.      Right to Dispute Designation.**  A Receiving Party may dispute the designation of any material as Confidential Information, and acceptance of material marked as "Confidential Information" by a Receiving Party shall not constitute a waiver of the right to later challenge such designation, or seek a ruling by the Court

in the Subject Lawsuit whether any such material is and should be treated as Confidential Information.  If a Party disagrees with any designation of information as confidential, it shall notify opposing counsel and they shall attempt to resolve the dispute by agreement.  If the dispute is not so resolved, within twenty (20) days of reaching an impasse on the issue, the contesting party may petition the Court for a ruling on the issue.  The contested information shall continue to be kept confidential unless and until the Court rules otherwise in accordance with the Federal Rules of Civil Procedure.   At any hearing to determine the confidential status of any information, the Disclosing Party shall have the burden of showing why such information should be deemed and treated as confidential.

**7.     Filing Confidential Information with the Court.**  A Receiving Party will not file any Confidential Information with the Court in the Subject Lawsuit without first seeking an order approving filing the Confidential Information under seal pursuant to the applicable local rules of the Court.  In the event the Court does not grant an order approving filing such information under seal, the Parties will meet to discuss the denial and the manner the Parties will proceed with regard to the further handling and/or disclosure and use of such material(s) during the pendency of the Subject Lawsuit.  In the absence of an agreement between the Parties on how to proceed in the event of a denial by the Court for leave to file Confidential Information under seal, the Parties will seek direction from the Court regarding how to proceed in such event.

**8.     Subpoenas Requesting Confidential Information.**  If the Receiving Party is under legal compulsion to produce Confidential Information by subpoena or other legal process, the Receiving Party must give prompt and fair notice to the Disclosing Party of the fact the Receiving Party has received a subpoena or other process seeking production of Confidential Information produced by Disclosing

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Party, with adequate time for the Disclosing Party to object to or challenge the subpoena or legal process if it so chooses.

**9.     Inadvertent Disclosure.**   Should any Party inadvertently disclose information which it considers to be confidential or privileged, upon notification to the Receiving Party by the Disclosing Party, the Receiving Party shall either:  (1) return the material to the Disclosing Party to allow the Disclosing Party to designate the material as Confidential Information or include such document in a privilege log; or (2) truthfully represent to the Disclosing Party that it will mark the received material as Confidential Information in the manner set forth in Paragraph 1 of this Agreement.  An inadvertent disclosure of confidential material by a Party shall not constitute a waiver of the right of that Party to designate such material as Confidential Information or privileged, or relieve the Receiving Party of the duty to return the material to the Disclosing Party or mark the received material as Confidential as set forth herein.

**10.     Time Periods.** The nondisclosure provisions of this Agreement shall survive the termination of this Agreement and any Receiving Party's duty to hold Confidential Information in confidence shall continue until the Disclosing Party provides Receiving Party with written notice releasing Receiving Party from the duties and obligations set forth in this Agreement as to the Confidential Information.

**11.     Waiver.** The failure to exercise any right provided in this Agreement shall not be a waiver of prior or subsequent rights.

**12.     Disposition on Termination of Action.**   A Receiving Party shall return to the Disclosing Party any and all Confidential Information in its possession at the conclusion of the Subject Lawsuit if demanded by the Disclosing Party;

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1  otherwise a Receiving Party must destroy all Confidential Information which it has

2  received during the Subject Lawsuit at the conclusion of the Subject Lawsuit.

3      This Agreement and each party's obligations shall be binding on the

4  representatives, assigns, attorneys, and successors of such party. Each party has

5  signed this Agreement through its authorized representative.

6                                          Respectfully Submitted,

7  JONES & MAYER                           ZFATY | BURNS

8  By: /s/ Bruce A. Lindsay               By: /s/ Garrett Prybolo

9      James R. Touchstone                    Garrett Prybolo
       Bruce A. Lindsay                       Attorneys for Plaintiff
10     Monica Choi Arredondo                  CASA CAPRI RECOVERY, LLC,
       Attorneys for Defendant               NATIONAL THERAPEUTIC
11     CITY OF COSTA MESA                    SERVICES, INC. dba NORTHBOUND
                                            TREATMENT SERVICES, RAW
12                                          RECOVERY, LLC, PACIFIC SHORES,
                                            LLC, SOCAL RECOVERY, LLC and
13                                          SUMMIT COASTAL LIVING, INC.

14     Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that other signatories listed,

15  and on whose behalf the filing is submitted, concur in the filing's content and have

16  authorized the filing. _By: /s/ Bruce A. Lindsay_

17

18

19     It is so ordered. Further

20

21  this Order applies in this and the

22

23  related cases: CV 18-1080; CV 18-1170;

24

25  18-1304; 18-1369.

26

27  1/25/19                    Patrick J Walsh
                               PATRICK J. WALSH
28                             MAGISTRATE JUDGE

-7-
STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

## **EXHIBIT A**

## **AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I, _____, represent and agree as follows:

1.      I have carefully read and understand the provisions of the Stipulated Confidentiality Agreement and Protective Order entered in this case (hereinafter "Order"), and agree to comply with all its provisions;

2.      I will hold in confidence and not disclose to anyone not qualified under the Order any materials considered Confidential Information protected under the Order, or any summaries, abstracts, indices or analyses of such Confidential Information;

3.      I will limit use of Confidential Information disclosed to me solely for purposes of this litigation, which includes the following consolidated related actions:

       a.     *Casa Capri Recovery, Inc. v. City of Costa Mesa*, Case No. 8:18-cv-00329 JVS (PJWx);

       b.     *National Therapeutic Services, Inc., et al. v. City of Costa Mesa*, Case No. 8:18-cv-01080-JVS (PJWx),

       c.     *Pacific Shores, LLC v. City of Costa Mesa*, Case No. 8:18-cv-01170-JVS (PJW);

       d.     *SoCal Recovery, LLC v. City of Costa Mesa*, Case No. 8:18-cv-01304-JVS (PJW); and

       e.     *Summit Coastal Living, Inc. v. City of Costa Mesa*, Case No. 8:18-cv-01369-JVS (PJW); and

4.      No later than 72 hours following notification of the final conclusion of the case, I will destroy or return all Confidential Information, as well as any summaries, abstracts, indices or analyses of such Confidential Information, to

- 1 -
STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

1   counsel for the party for whom I was employed or retained.

2   I declare under penalty of perjury that the foregoing is true and correct, as

3   executed at _____.

4

5   Date: _____     Name: _____

6

7   Signature: _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER