Richard D. Robins SBN 77923
Nadine Shu Rong Tan SBN 307517
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:   (213) 683-6500
Facsimile:    (213) 683-6669
rrobins@pmcos.com; ntan@pmcos.com

Attorneys for Third Party
RJI RAMIREZ JIMENEZ
INTERNATIONAL CPAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| CASA CAPRI RECOVERY, INC., a California corp.,<br><br>                   Plaintiff,<br><br>        v.<br><br>CITY OF COSTA MESA, a municipal corporation,<br><br>                   Defendants. | Case No.  8:18-CV-00329 JVS (PJWx)<br><br>[Referred to Magistrate Judge Patrick J. Walsh]<br><br>THIRD PARTY RJI RAMIREZ JIMENEZ INTERNATIONAL CPA'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST CITY OF COSTA MESA AND/OR ITS COUNSEL PURSUANT TO FRCP 45; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[*Filed concurrently with Notice of Motion and Motion; Declarations of Nadine Shu Rong Tan and Manuel J. Ramirez, CPA; [Proposed] Order*]<br><br>Date:          May 18, 2020<br>Time:          1:30 p.m.<br>Judge:         Hon. Patrick J. Walsh |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on May 18, 2020 at 1:30 p.m., or as soon thereafter as the matter may be heard, Third Party RJI Ramirez Jimenez International CPAs ("RJI") will bring on for hearing before the Hon. Patrick J. Walsh its motion for attorneys' fees and costs and for sanctions against the City

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

of Costa Mesa (the "City") and/or its counsel pursuant to Rule of the Federal Rules of Civil Procedure, in connection with the subpoena issued by the City to RJI in the above-titled action.

The motion is made on the ground that, under Rule 45(d), RJI is entitled to reimbursement from the City of the significant fees RJI expended in complying with the subpoena including in relation to this motion, in the amount of $41,147.60. In the event the Court does not award the attorneys' fees portion of the amount sought, the Court should, in the alternative, impose the attorneys' fees as sanctions against the City and/or its counsel due to their failure to avoid imposing undue burden or expense on a person subject to a subpoena.

The motion is based on the notice of motion and supporting memorandum of points and authorities and the declarations of Manuel J. Ramirez, CPA and Nadine Shu Rong Tan, which are filed and concurrently, and the pleadings, papers, records, and files in this action.

On March 24, 2020, the Court ordered briefing for this matter. Accordingly, the pre-filing conference of counsel and joint stipulation procedures specified in Local Rules 37 and 45 are not required.

DATED: April 14, 2020

PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
A Professional Corporation

By:     */s/ Nadine Shu Rong Tan*
        RICHARD D. ROBINS
        NADINE SHU RONG TAN

Attorneys for Third Party
RJI RAMIREZ JIMENEZ
INTERNATIONAL CPAS

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 2 -

# **TABLE OF CONTENTS**

Page(s)

I. THE CITY MUST PAY FOR THE FEES AND COSTS INCURRED BY THIRD PARTY RJI IN COMPLYING WITH THE SUBPOENA.........1

II. BACKGROUND ...................................................................................................1

    A. The City Issued a Subpoena That Was, on its Face, Unduly Burdensome and Called for Prohibited Information. ..........................1

    B. RJI Complied with the Subpoena, as Narrowed by the Court's Rulings, Including by Producing Documents Before the Deposition, Producing a Witness to Testify at a Full-Day Deposition, and Producing Additional Documents After a Subsequent Search. ...............................................................................3

    C. The City Refused to Pay for the Reasonable Fees and Costs that RJI Incurred Despite Imposing the Burdens on RJI. ...........................6

III. RJI INCURRED SIGNIFICANT FEES AND COSTS IN COMPLYING WITH THE SUBPOENA, AND THE CITY MUST PAY FOR THESE FEES AND COSTS PURSUANT TO RULE 45(D). ...............................................................................................7

    A. Rule 45(d)(2)(B)(ii) Mandates that the Significant Fees Incurred by RJI Be Shifted to the City. ..............................................................7

    B. The Equities Weigh in Favor of Shifting the Fees and Costs to the City. ...............................................................................................9

        1. It Is Not Fair for RJI to Pay for the Fees and Costs in Connection With the Subpoena. ...................................................9

        2. RJI Should Not Be Collateral Damage to the Parties' Hard-Fought Litigation. ...............................................................11

    C. RJI's Attorneys' Fees Are Reasonable Under a Lodestar Analysis. ...........................................................................12

IV. RJI'S ATTORNEYS' FEES SHOULD, IN THE ALTERNATIVE, BE IMPOSED IN THE FORM OF SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL PURSUANT TO RULE 45(D)(1). ....................14

V. CONCLUSION ..................................................................................................16

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

- i -

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

Page(s)

## CASES

First Am. Corp. v. Price Waterhouse, LLP (In re First Am. Corp.),
184 F.R.D. 234 (S.D.N.Y. 1998) ............................................................................. 8

In National Therapeutic Services, Inc. v. City of Costa Mesa,
Case No. 8:18-CV-01080-JVS-PJW ...................................................................... 15

In re Am. Hous. Found.,
No. 09-20232-RLJ-11, 2013 WL 2422706,
(Bankr. N.D. Tex. June 4, 2013) ............................................................................. 8

In re Auto. Refinishing Paint Antitrust Litig.,
229 F.R.D. 482 (E.D. Pa. 2005) .............................................................................. 8

In re Subpoena On Qualcomm Inc.
No. 14CV1611-BAS (BLM), 2014 WL 4351952,
(S.D. Cal. Sept. 2, 2014) ......................................................................................... 14

Legal Voice v. Stormans Inc.,
738 F.3d 1178 (9th Cir. 2013) ......................................................................... 7, 14

Linder v. Calero-Portocarrero,
251 F.3d 178 (D.C. Cir. 2001) ............................................................................... 8

Mount Hope Church v. Bash Back!,
705 F.3d 418 (9th Cir. 2012) ................................................................................. 14

United States v. Columbia Broad. Sys., Inc.,
666 F.2d 364 (9th Cir. 1982) ................................................................................. 11

United States v. McGraw-Hill Companies,
302 F.R.D. 532 (C.D. Cal. 2014) ........................................................................... 10

Vargas v. Howell,
949 F.3d 1188 (9th Cir. 2020) ............................................................................... 12

## STATUTES

26 U.S.C. § 7216 ............................................................................................................ 2

Federal Rules of Civil Procedure Rule 45 ............................................. 1, 6, 7, 9, 12, 14

## REGULATIONS

16 C.C.R. § 54.1 ............................................................................................................. 2

26 C.F.R. § 301.7216-1 .................................................................................................. 2

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS
AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   THE CITY MUST PAY FOR THE FEES AND COSTS INCURRED BY THIRD PARTY RJI IN COMPLYING WITH THE SUBPOENA.

Third party RJI Ramirez Jimenez International CPAs ("RJI") respectfully requests that: (1) the Court shift the fees and costs incurred by RJI in complying with the subpoena issued by the City of Costa Mesa (the "City"), including the fees incurred in connection with this motion, pursuant to Rule 45(d)(2)(B)(ii), and (2) with respect to the attorneys' fees portion of that amount, the Court should, in the alternative, impose the attorneys' fees as sanctions against the City and/or its counsel, pursuant to Rule 45(d)(1).[1]

This Court has previously stated its philosophy that a third party should not be made to pay for the fees and costs incurred in complying with a subpoena, and that the subpoenaing party should bear such expenses.  This case is an exemplar for such fee-shifting.  Not only does Rule 45(d) of the Federal Rules of Civil Procedure mandate that the fees be shifted, the equities also militate towards fee-shifting.  The fees were exacerbated by the conduct of the City's counsel at the helm, Christopher Lee, who flouted his duties and obligations under the Rule to avoid imposing undue burden or expense on a third party.

The Court should grant RJI's Motion in its entirety.

## II.   BACKGROUND

### A.   The City Issued a Subpoena That Was, on its Face, Unduly Burdensome and Called for Prohibited Information.

On or about October 31, 2019, the City issued a Subpoena to Testify at a Deposition in a Civil Action and Produce Documents (the "Subpoena") to RJI,

---

[1] Although the Court may additionally impose attorneys' fees as a form of sanctions against the subpoenaing party or its counsel under Rule 45(d)(1), RJI requests such sanctions in the alternative (*i.e.*, in the event the Court does not shift the full amount of attorneys' fees under Rule 45(d)(2)(B)(ii)).

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

which was engaged as the accounting firm for the plaintiff in the action, Casa Capri LLC ("Casa Capri").  (Declaration of Nadine Shu Rong Tan ("Tan Decl.") ¶ 3, Exh. 1.)

On its face, the Subpoena was unduly burdensome and overbroad and called for information in violation of the law.  Among other things, the Subpoena sought deposition testimony and documents from RJI regarding RJI's relationships with Casa Capri *and 64 "sober living homes,"* as defined in the Subpoena, over an eight-year period which would have included tax return, financial, and other confidential information of these entities to the extent such documents existed. (Tan Decl. ¶ 3, Exh. 1.)  For RJI to have complied with the Subpoena, as drafted, would have forced RJI, an accounting firm, to violate the state rules of professional conduct and Internal Revenue Code provisions and regulations, such as 16 C.C.R. § 54.1, 26 U.S.C. § 7216, and 26 C.F.R. § 301.7216-1 (provisions applicable to accountants and tax return preparers, entitled "Disclosure of Confidential Information Prohibited," "Disclosure or use of information by preparers of returns," and "Penalty for disclosure or use of tax return information," respectively).

Moreover, the Subpoena sought "[a]ll state and federal tax filings" of Casa Capri (and other individuals and entities), and all related documents and testimony – a blatant end-run around this Court's ruling that the City was not entitled to the tax returns of Casa Capri.  (*See* Minutes of September 12, 2019 Telephonic Discovery Conference, ECF No. 50; Minutes of October 30, 2019 Telephonic Discovery Conference, ECF No. 83.)

The Subpoena also sought testimony and documents regarding RJI's "policies and practices related to ensuring compliance with all applicable laws and regulations," inquiring into matters far outside the bounds of civil discovery, let alone this action.  (Tan Decl. ¶ 3, Exh. 1.)

Accordingly, based on these and other grounds, RJI served its objections to the Subpoena on November 13, 2019.  (Tan Decl. ¶ 4, Exh. 2.)  RJI conferred with

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

the City to explain RJI's position as to why it was precluded from complying with the Subpoena, as drafted. This attempt fell on deaf ears, however, as the City, through Mr. Lee, insisted on proceeding with the deposition set for two days later. As a practical matter, this proposal was unreasonable because the Subpoena's testimony topics tracked the document requests and implicated the same concerns delineated in RJI's objections. Thus, having the deposition proceed – even if no documents were produced – would have yielded objections to nearly every line of questioning. It was apparent that the City's ostensible effort to compromise was another glimpse of the unreasonableness and over-the-top aggressive litigating that would continue to dictate the City's conduct towards RJI.

**B.      RJI Complied with the Subpoena, as Narrowed by the Court's Rulings, Including by Producing Documents Before the Deposition, Producing a Witness to Testify at a Full-Day Deposition, and Producing Additional Documents After a Subsequent Search.**

Two days later, at the November 15, 2019 hearing before the Hon. Patrick J. Walsh, at which RJI had requested to appear and be heard, the Court sustained, in large part, RJI's objections to the Subpoena, which essentially limited the scope of the Subpoena to solely information pertaining to the Casa Capri entities – as opposed to the 64 sober living homes requested. (Tan Decl. at ¶ 6.) Notably, the Court recognized the grossly overbroad nature of the Subpoena and RJI's bases for objecting:

> "So, in [the City's] view you can get discovery on every single person who lives in the city, right? ***Let me answer the question for you, it makes no sense, at all. Zero . . . . You can only have financial records that relate to the party in this case. This looks more like a grand jury investigation than anything***. And none of these third parties are here to be heard from. Okay? ***So, you can sense the frustration in my voice. No, you can't get overarching discovery from people who have nothing to do with this case.*** They're not even going to know their financial records are being produced. And the city is going to have them in their office." (Tan Decl. at ¶ 6, Exh. 4 at 4:16-5:3 (emphases added).)

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 3 -

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS
AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

Further, the Court expressly "invite[d]" RJI to file a motion for attorneys' fees and costs in connection with complying with the Subpoena, with the cost of production including "getting the files, finding the files, looking through them and producing them to [the City]," and attorneys' fees including the objecting to the Subpoena, appearing with the witness at deposition, and otherwise representing the third party in discovery disputes.  (Tan Decl. at ¶ 6, Exh. 4 at 45:6-17.)

As the Court stated:

"[Counsel for the City] asked for 50 unrelated companies, their records, which was absolutely going to invite an objection from an accounting firm.  In addition, they requested the tax records, which was going to invite an objection from the accounting firm and from Casa Capri.  [¶] But, also, in light of the fact that I already ruled that they couldn't have them, I felt that it was a little unnecessary in this case.  That's not to criticize Mr. Lee and his trial strategy, but it is to say that I do not think that cost should be transferred to RJI."  (Tan Decl. at ¶ 6, Exh. 4 at 45:19-46:3.)

"I don't think it's fair in the context of civil litigation in the federal court system that when a party wants documents from an unrelated third party, like an accounting firm . . . that they the[*sic*] serve them with a subpoena.  And then the accounting firm has to hire a lawyer and pay for it.  I don't think that's fair to the third party.  So, that's kind of my philosophy on this."  (Tan Decl. at ¶ 6, Exh. 4 at 47:1-8.)

At the follow-up telephonic discovery conference on November 18, 2019, the Court heard additional argument from counsel and ultimately ordered RJI to produce the financial information that the Casa Capri entities had provided to RJI between 2014 and present (referred to as "source documents"), excluding tax returns and working papers for tax return preparation.  (Tan Decl. at ¶ 7, Exh. 5 at 15:14-22.)  Given the high cost and time required for RJI to search for and review other responsive documents and correspondence apart from the source documents – which was estimated to take approximately 30 days and cost approximately $12,000, which would have been borne by the City – counsel for the City stated that it was sufficient for RJI to produce only the source documents; then, upon review of the production, the City would make a determination as to whether to

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

pursue the other documents and pay for such expenses.  (Tan Decl. at ¶ 7, Exh. 5 at 18:12-19:14.)  Accordingly, the Court ruled that RJI was to produce only the source documents that Casa Capri had provided to RJI.  (Tan Decl. at ¶ 7, Exh. 5 at 26:10-19.)  Thus, on November 21, 2019, RJI produced documents to the City in accordance with the Court's rulings.  (Tan Decl. at ¶ 8.)

On November 22, 2019, Manuel J. Ramirez, CPA appeared at a full-day deposition on behalf of RJI.  (Ramirez Decl. at ¶ 6.)  Due to disputes regarding the scope of the deposition, counsel for the parties and RJI requested two telephonic discovery conferences with Judge Walsh over the course of the full-day deposition. The Court sustained many, if not most, of RJI's objections (such as objections to questions regarding RJI's interactions with entities other than Casa Capri or individuals other than those acting on behalf of Casa Capri, questions posed to the witness as if he were an expert witness, questions asking the witness to perform calculations on the spot, and requests for Casa Capri's tax returns).  (Tan Decl. at ¶ 9, Exh. 6 at 8:1-13, 8:15-9:1, 11:9-15, 18:25-19:2, 32:8-13, 38:12-18, 44:11-14, 51:11-18, 51:19-52:5, 53:1-24.)  This third party deposition should not have taken the full day and, had the City's counsel not revisited lines of questioning already addressed in the Court's rulings (such as requests for tax returns), it likely would have concluded much earlier.  Towards the end of the deposition, counsel for the City reiterated its position to the Court that it was "going to hold off on" pursuing the additional discovery referenced at the November 18, 2019 hearing.  (Tan Decl. at ¶ 9, Exh. 6 at 54:9-16.)  Following the deposition, on November 26, 2019, RJI produced additional documents located after a subsequent search.  (Tan Decl. at ¶ 10.)

After RJI's productions were completed, the City never took issue with the sufficiency of the productions, pursued further documents from RJI, or otherwise contacted counsel for RJI regarding the Subpoena or RJI's productions.  (Tan Decl. at ¶ 10.)

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

### C.    The City Refused to Pay for the Reasonable Fees and Costs that RJI Incurred Despite Imposing the Burdens on RJI.

On February 11, 2020, RJI requested that the City reimburse RJI for all legal fees and costs reasonably incurred in complying with the Subpoena pursuant to Rule 45 of the Federal Rules of Civil Proceduret.  (Tan Decl. at ¶ 11, Exh. 7.)

On February 26, 2020, the City, through Mr. Lee, responded with a 19-page letter, objecting to RJI's entitlement to fees and costs.  (Tan Decl. at ¶ 12, Exh. 8.)  In more of the same heavy-handed and needlessly aggressive approach exhibited in the Subpoena, Mr. Lee dedicated the first six pages of the letter to explain Casa Capri's alleged failure to provide discoverable information in the action – an issue of no consequence as relates to Rule 45.  (Tan Decl. at ¶ 12, Exh. 8.)  As the Court previously noted, RJI should not be made a "judgment. . .  creditor chasing after one law firm or the other" to determine who is responsible for reimbursement of the fees, which were incurred because of undue burdens imposed by the City.  (Tan Decl. at ¶ 7, Exh. 5 at 20:15-20.)  Mr. Lee argued, without support, that RJI allegedly failed to comply with discovery rulings and demanded reimbursement of fees from RJI.  These arguments are factually and legally unsupported, especially given Rule 45's mandatory ***one-way*** fee-shifting procedure from the subpoenaed party to the subpoenaing party.

On March 6, 2020, counsel for RJI briefly responded to the City's letter, advising that RJI would proceed with filing the Rule 45 motion.  (Tan Decl. at ¶ 14, Exh. 10.)  Later that day, counsel for the City advised counsel for RJI that the City had obtained summary judgment against Casa Capri in the above-titled action (in reference to the copy of a court order granting the City's motion for summary judgment that counsel for the City had sent to RJI's counsel two days prior) and that the City, as prevailing party, would be seeking fees and costs against Casa Capri in what was a hard-fought, contentious litigation.  (Tan Decl. at ¶¶ 13, 15.)  Counsel for the City also advised that the City would be responding to RJI's March

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 6 -

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS
AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

6, 2020 correspondence; the City did not respond.  (Tan Decl. at ¶ 15.)  Instead, on March 24, 2020, without notice to RJI (and a day after Casa Capri filed a notice of appeal of the summary judgment ruling, (ECF No. 141), amid the onset of the stay-home orders due to the COVID-19 pandemic), the City unilaterally requested a discovery conference before Judge Walsh.  (Tan Decl. at ¶ 16, Exh. 11.)

As discussed below, Rule 45(d)(2)(B)(ii) mandates that the City, as subpoenaing party, reimburse RJI for the significant fees and costs incurred, totaling $41,147.60 to date.  (Ramirez Decl. at ¶ 4, Exh. 1; Tan Decl. at ¶¶ 18, 22, Exh. 13.)  The equitable factors similarly weigh in favor of shifting the fees and costs to the City.  Finally, should the Court not award attorneys' fees under Rule 45(d)(2)(B)(ii), RJI alternatively requests that the attorneys' fees ($30,992.60) be imposed on the City and/or its counsel in the form of sanctions under Rule 45(d)(1), because the City blatantly failed to comply with its duty to avoid placing an undue burden or expense on third parties.

## III.   RJI INCURRED SIGNIFICANT FEES AND COSTS IN COMPLYING WITH THE SUBPOENA, AND THE CITY MUST PAY FOR THESE FEES AND COSTS PURSUANT TO RULE 45(D).

### A.   Rule 45(d)(2)(B)(ii) Mandates that the Significant Fees Incurred by RJI Be Shifted to the City.

"[W]hen discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party.  If so, the district court *must* order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'"  *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) (emphasis added) (citation omitted).  "The plain language of the rule dictates our conclusion.  The rule states that the district court's order compelling compliance with a subpoena 'must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance,' and provides

- 7 -

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

no exceptions*.  **This language leaves no room for doubt that the rule is mandatory**.”  *Id.* (citing Fed. R. Civ. P. 45(d)(2)(B)(ii)) (emphasis added) (quotation marks omitted); *see also Linder v. Calero-Portocarrero*, 251 F.3d 178 (D.C. Cir. 2001).

Because the Subpoena imposes significant expense on RJI, the fees must be shifted to and borne by the City.  Although the Subpoena, as modified by the Court’s discovery rulings, ultimately required the somewhat narrow production of source documents that Casa Capri had provided to RJI, getting to that point required substantial efforts to confer with the City and Casa Capri jointly and separately, drafting objections to the impermissibly broad Subpoena, holding multiple discussions with and among RJI’s staff to collect and review potentially responsive documents, reviewing documents before production, and being heard at four discovery hearings before Judge Walsh.  Significant fees were spent on objecting to the Subpoena’s requests and determining whether producing documents from the universe of potentially responsive documents would violate applicable law, including the federal and state laws and rules of professional conduct regarding confidential client and tax return information.  *See, e.g., In re Am. Hous. Found.*, No. 09-20232-RLJ-11, 2013 WL 2422706, at *2 (Bankr. N.D. Tex. June 4, 2013) [“Reimbursable fees include, for example, those fees incurred in connection with legal hurdles or impediments to the production.  *See, e.g., In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482 (E.D. Pa. 2005) (attorneys’ fees incurred by non-party in ensuring that production of medical records did not violate federal law); *see also First Am. Corp. v. Price Waterhouse, LLP (In re First Am. Corp.),* 184 F.R.D. 234 (S.D.N.Y.1998) (the third party’s compliance required it to address foreign legal impediments preventing disclosure of certain requested documents and thus justified award of reimbursement of a portion of fees incurred).”]

Thereafter, RJI had to incur additional fees to seek reimbursement from the

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

City, which were met with an escalated response from Mr. Lee, highlighting the City's disregard for Rule 45's mandate and the Court's prior statements inviting RJI to seek fees and costs from the City.

All in all, and in addition to the considerations of fairness discussed in Section III., B., *infra*, the expenses incurred were significant vis-à-vis RJI's ability to bear the costs of production. For one, compliance with the Subpoena took place throughout the month of November 2019, coinciding with year-end accounting work, which is one of the busiest periods for accounting firms such as RJI. (Declaration of Manuel J. Ramirez ("Ramirez Declaration") at ¶ 4.) In addition, RJI has only one office location and employs fewer than 50 employees in total, of which fewer than 20 are CPAS. (Ramirez Decl. at ¶ 7.) Although RJI services domestic and international clients and has served the Orange County community for many years, RJI is considered a mid-sized accounting firm, and the fees incurred by RJI in connection with the Subpoena has a significant impact on RJI's financial performance. (Ramirez Decl. at ¶ 7.)

In short, the fees and costs were a necessary and significant expense incurred to comply with the Subpoena.

**B.      The Equities Weigh in Favor of Shifting the Fees and Costs to the City.**

Even if Rule 45 did not mandate cost-shifting, which it does, the Court should shift the fees and costs in light of fairness to the third party RJI.

**1.      It Is Not Fair for RJI to Pay for the Fees and Costs in Connection With the Subpoena.**

The Court has already stated its philosophy that it is not "fair" to "an unrelated third party, like an accounting firm," to bear the costs of compliance with a subpoena in the context of civil discovery in federal court. (Tan Decl. at ¶ 6, Exh. 4 at 47:1-7.) This philosophy applies squarely here.

Courts generally consider the following factors in determining whether to

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 9 -

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

shift costs: "the non-party's interest, if any, in the outcome of the case; the relative ability of the parties to bear the costs; the public importance of the litigation; the scope of discovery; the invasiveness of the request; the extent to which the producing party must separate responsive information from privileged or irrelevant material; and the reasonableness of the costs of production." *United States v. McGraw-Hill Companies*, 302 F.R.D. 532, 534 (C.D. Cal. 2014) (internal citations omitted).  All these factors weigh in favor of shifting fees and costs.

As detailed above, RJI is an unrelated third party that, after being forced to undertake substantial efforts to object, confer with counsel, and be heard on its objections, complied fully with the Subpoena as modified by the Court's rulings. These fees and costs were significant relative to RJI and were reasonably and necessarily incurred.

The invasiveness of the requests and scope of discovery are also well-documented in RJI's objections and in the transcripts of the telephonic discovery conferences.  The Court previously reprimanded Mr. Lee, counsel for the City, for impermissibly propounding discovery into the 64 sober living homes, finding that seeking records of "every single person who lives in the city . . . makes no sense, at all.  Zero."  (Tan Decl. at ¶ 6, Exh. 4 at 4:17-18.)  The Court continued:

> "This looks more like a grand jury investigation than anything.  And none of these third parties are here to be heard from. Okay?  So, you can sense the frustration in my voice.  No, you can't get overarching discovery from people who have nothing to do with this case.  They're not even going to know their financial records are being produced.  And the city is going to have them in their office." (Tan Decl. at ¶ 6, Exh. 4 at 4:21-5:3.)

Moreover, potentially producing third party clients' confidential and tax return information would have implicated federal and state laws and professional responsibility rules applicable to accountants, which were issues that required substantial attorney and client time to resolve.  Even after these objections were explained to the City, the City continued to advance positions in disregard of these very real, significant concerns, requiring RJI

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

to incur the fees and costs.

### 2. RJI Should Not Be Collateral Damage to the Parties' Hard-Fought Litigation.

RJI should not be made to suffer as a result of any discovery disputes or animosity between counsel for the parties or due to the brute force manner in which Mr. Lee conducts discovery.  "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."  *United States v. Columbia Broad. Sys., Inc*., 666 F.2d 364, 371-72 (9th Cir. 1982).

As made clear in Mr. Lee's 19-page response to RJI's fee demand, the City's disregard towards RJI's third party interests is misdirected.  Evidently, after allegedly failing to obtain requested information from Casa Capri in discovery, the City sought the same information from RJI, Casa Capri's accountant – knowing full well that Casa Capri would object, and RJI had no choice but to object on client confidentiality and other grounds, *and* flouting the Court's discovery rulings.  For example, even after the Court ruled that the Casa Capri tax returns were off-limits and reprimanded the City's counsel accordingly, counsel continued to push for the tax returns at Mr. Ramirez's deposition.  (Tan Decl. at ¶ 9, Exh. 6 at 18:25-19:2.)

The City's improper intent to treat RJI as a party was clearly exhibited by the City's attempt to use the summary judgment ruling to restrict RJI's entitlement to fees and costs or otherwise wield the ruling against RJI.  That ruling has no impact on RJI.  However contentious the litigation between the parties may have been, and it appeared to be very much so, the City is not justified in treating RJI as collaterally responsible for what the City perceived as missteps by Casa Capri. Moreover, the City's reliance on the summary judgment ruling wholly contradicts its argument that RJI did not comply with the Court's discovery rulings (which RJI denies).  That is, even if the City's position were accurate or legally supported – which it is not – there was no resulting prejudice to the City because it evidently did

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

not need additional documents from RJI to prevail on summary judgment.  There is no factual or legal basis for the City's position that RJI violated the discovery rulings, let alone for the City's demand for reimbursement from RJI.

In sum, both the express language of Rule 45(d)(2)(B)(ii) and the equitable factors weigh in favor of shifting RJI's fees and costs to the City, in the amount of $41,147.60.

**C.      RJI's Attorneys' Fees Are Reasonable Under a Lodestar Analysis.**

RJI's attorneys' fees, which were reasonably and necessarily incurred, as described above, are reasonable for the Central District of California. "The Supreme Court has instructed that '[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate,' an approach commonly known as the 'lodestar' method." *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (citations omitted).

RJI's attorneys' fees expended in connection with the Subpoena, totaling approximately $30,992.60 of the $41,147.60 total amount stated above, is reasonable under the lodestar method.[2]  (Tan Decl. at ¶¶ 18-22.)

The legal hourly rates charged for services performed on behalf of RJI are well below the median rates of legal professionals with reasonably comparable experience, skill, and reputation for reasonably comparable services in the Southern California legal market.  The two attorneys who performed work in connection with the Subpoena charge at the blended rate

---

[2] The RJI and Parker Milliken invoices submitted concurrently have been redacted of information constituting attorney-client privileged communication and/or work product.  If the Court so requires, RJI will provide the unredacted invoices for the Court's *in camera* review.  Additionally, counsel's time incurred during the month of March is reflected in a pre-bill.  RJI will supplement the Motion with a copy of the final March invoice for the Court's review once finalized, if the Court so requires.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 12 -

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

of $375.00,[3] and the paralegal charges $215.00, which are reasonable in comparison with billing rates for timekeepers with similar experience and backgrounds in the Southern California legal market. (Tan Decl. at ¶ 18.) The supervising attorney, who is a shareholder and the President and CEO of the firm, has over 40 years of substantial litigation experience related to business and tax matters, and the lead attorney, who is a fifth-year associate, has substantial litigation experience, including two years clerking for the United States District Court for the Central District of California. (Tan Decl. at ¶¶ 19-20.) The paralegal assigned to the matter is the firm's senior litigation paralegal and has over 20 years of relevant experience. (Tan Decl. at ¶ 21.) Counsel for RJI's hourly rates are reasonable.

Further, the number of hours incurred by counsel is reasonable and necessary, as detailed above. It includes time incurred to (1) review, address, and object to the impermissibly broad Subpoena, (2) conduct meet and confer discussions with counsel for the City, (3) prepare for and appear at two telephonic discovery conferences with the Court and counsel for the parties, (4) collect, review, and product responsive documents, including conferring with counsel for Casa Capri and with the client, (5) prepare for, travel to and from, and appear at the full-day deposition of Mr. Ramirez, including two telephonic discovery conferences with the Court, and (6) seek reimbursement of fees and costs from the City's counsel, including in connection with this motion. As previously mentioned, the inherent issues with the overbroad subpoena were exacerbated by the City's counsel's unreasonable and overreaching positions taken with the Subpoena, the discovery conferences, at the deposition, and thereafter.

---

[3] Mr. Robins, a seasoned attorney who has represented accountants and accounting firms for years, who had over 42 years of experience in November 2019, had a standard hourly rate of $775.00. (Tan Decl. at ¶ 19.)

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

Thus, RJI's attorneys' fees of approximately $30,992.60 are reasonable and were necessarily incurred.

## IV.   RJI'S ATTORNEYS' FEES SHOULD, IN THE ALTERNATIVE, BE IMPOSED IN THE FORM OF SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL PURSUANT TO RULE 45(D)(1).

Finally, Rule 45(d)(1) provides the ***additional*** remedy of sanctions against a subpoenaing party or its attorney.  However, because RJI recognizes that awards under Rule 45(d)(1) and Rule 45(d)(2)(B)(ii) may at times be duplicative, in the event the Court does not shift the attorneys' fees to the City pursuant to Rule 45(d)(2)(B)(ii) (in the amount of $30,992.60), the attorneys' fees should, in the alternative, be imposed as sanctions against the City and/or its counsel Mr. Lee, pursuant to Rule 45(d)(1).

Sanctions under Rule 45(d)(1) may be imposed on a subpoenaing party or its counsel for its failure to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. Proc. 45(d)(1).  ***"The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply*.**"  *Id.* (emphasis added).

Rule 45(d)(1) sanctions "may be imposed when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *In re Subpoena On Qualcomm Inc.* No. 14CV1611-BAS (BLM), 2014 WL 4351952, at *2 (S.D. Cal. Sept. 2, 2014) (citing *Legal Voice*, 738 F.3d at 1185; *see also Mount Hope Church v. Bash Back!*, 705 F.3d 418, 425, 429 (9th Cir. 2012) (stating that courts "have discretion over the type and degree of sanction imposed" and that "[p]ayment of opposing counsel's attorneys' fees is one form of permissible sanction" where there is "undue burden imposed by an oppressive subpoena, a facially defective subpoena, or bad faith on the part of the

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 14 -

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

requesting party"].

For the reasons stated above, the City and/or its counsel did not comply with their obligation to avoid undue burden or expense on RJI. The Subpoena, on its face, is unduly burdensome and oppressive. The City, though its counsel, adopted an impermissibly overreaching and aggressive approach towards RJI – again, a third party with no interest in this litigation.

Moreover, counsel for the City, Mr. Lee, has demonstrated a pattern of disregard and improper discovery tactics beyond these isolated incidents. In *National Therapeutic Services, Inc. v. City of Costa Mesa*, Case No. 8:18-CV-01080-JVS-PJW, which is deemed related to the above-titled action and which involves the same attorneys as the above-titled action, this Court heard the City's motion to compel discovery against the plaintiff in that action, and admonished the City's counsel (Mr. Lee) for similar improper conduct.[4] (Tan Decl. at ¶ 17.) While RJI acknowledges there may be factual or procedural differences in these two related actions, Mr. Lee's overreaching and full-bore approach spans both actions, as the Court seemed to recognize. Among other things, the Court reproached counsel for attempting to obtain a "carte blanche . . . to conduct a criminal investigation. I just don't see that. And I think you should be stopped from doing it." (Tan Decl. at ¶ 17, Exh. 12 at 18:20-23.) The Court continued: "*I am not going to – you know, you came and asked for records in 46 unrelated sober living homes in Costa Mesa.[5] You have shown your hand more than once to me. This is not about this case. This is something much bigger, and you just pointed that out again, and I'm not allowing you to do that*."[6] (Tan Decl. at ¶ 17, Exh. 12 at

---

[4] According to the court docket, the City's motion for review of the Court's ruling on the motion to compel is pending.

[5] The Subpoena requested documents from *64* sober living homes in the city. (Tan Decl. at ¶ 3, Exh. 1.)

[6] Notably, despite discussions of the Subpoena to RJI, counsel for the City made no mention of any alleged inadequacies in RJI's production at this hearing.

-15-

RJI'S NOTICE OF MOTION AND MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL; MEM. OF POINTS AND AUTHORITIES

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

19:7-12) (emphasis added).

As another badge of improper discovery tactics, Mr. Lee was reprimanded for employing *ad hominem* attacks against plaintiff's counsel, using "invective," and interrupting the Court on multiple occasions. (Tan Decl. at ¶ 17, Exh. 12 at 12:6-15:17.) As the Court recognized, the City counsel's "scorched earth" tactics are "evil, they're the devil." (Tan Decl. at ¶ 17, Exh. 12 at 12:2-3.)

In summary, RJI's request for sanctions against the City and/or its attorney is justified. The City's and/or its counsel's approach exceeds the appropriate bounds of zealous advocacy; and its improper purpose and disregard for the undue burden placed on RJI are transparent.

## V.    CONCLUSION

For the reasons set forth above, RJI respectfully requests that its motion be granted in its entirety. The City must reimburse RJI for the fees and costs RJI incurred in connection with the Subpoena. In the event the Court does not shift the attorneys' fees portion to the City, RJI requests, in the alternative, that the attorneys' fees be imposed as sanctions against the City and/or its counsel.

DATED: April 14, 2020

PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
A Professional Corporation

By:    */s/ Nadine Shu Rong Tan*
RICHARD D. ROBINS
NADINE SHU RONG TAN

Attorneys for Third Party
RJI RAMIREZ JIMENEZ
INTERNATIONAL CPAS

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 16 -