Richard D. Robins SBN 77923
Nadine Shu Rong Tan SBN 307517
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation
555 S. Flower St., 30th Floor
Los Angeles, California 90071-2440
Telephone:   (213) 683-6500
Facsimile:    (213) 683-6669
rrobins@pmcos.com; ntan@pmcos.com

Attorneys for Third Party
RJI RAMIREZ JIMENEZ
INTERNATIONAL CPAS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| CASA CAPRI RECOVERY, INC., a California corp.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF COSTA MESA, a municipal corporation,<br><br>Defendants. | Case No.  8:18-CV-00329 JVS (PJWx)<br><br>[Referred to Magistrate Judge Patrick J. Walsh]<br><br>THIRD PARTY RJI RAMIREZ JIMENEZ INTERNATIONAL CPA'S REPLY IN SUPPORT OF MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST CITY OF COSTA MESA AND/OR ITS COUNSEL PURSUANT TO FRCP 45<br><br>Date:       May 18, 2020<br>Time:       1:30 p.m.<br>Judge:      Hon. Patrick J. Walsh |

/ / /

/ / /

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS
AGAINST THE CITY AND/OR ITS COUNSEL

# **TABLE OF CONTENTS**

Page(s)

I.    THE CITY'S OVERREACHING, UNSUPPORTED STATEMENTS MUST BE CORRECTED ........................................................................................1

II.   RJI COMPLIED WITH THE SUBPOENA AND IS ENTITLED TO REIMBURSEMENT FROM THE CITY ........................................................4

    A.    The City Has Made Clear That Casa Capri's Tax Records Were the Object of its Discovery Efforts, Against the Court's Multiple Rulings, and Admits that the Subpoena Was Overbroad. ...................4

    B.    RJI Fully Complied With the Subpoena, and the City's Attempts to Evade Responsibility Should Be Disregarded. ................................5

    C.    The City's Blaming of Casa Capri, Whether Supported or Not, Has No Bearing on this Motion. .........................................................7

III.  RJI'S FEES ARE SIGNIFICANT FOR RJI AND WERE REASONABLY INCURRED.....................................................................8

IV.   THE CITY'S CONDUCT IN CONNECTION WITH THE SUBPOENA, COUPLED WITH UNSUPPORTED AND FALSE STATEMENTS IN ITS OPPOSITION, WARRANT SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL .........................................9

V.    RJI'S MOTION SHOULD BE GRANTED IN ITS ENTIRETY ................11

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS
AGAINST THE CITY AND/OR ITS COUNSEL

# **TABLE OF AUTHORITIES**

Page(s)

## **CASES**

In re Subpoena On Qualcomm Inc.,
   No. CV 14CV1611-BAS (BLM), 2014 WL 4351952
   (S.D. Cal. Sept. 2, 2014) ...............................................................................9

National Therapeutic Services, Inc. v. City of Costa Mesa,
   Case No. 8:18-CV-01080-JVS-PJW ..............................................................10

## **STATUTES**

26 U.S.C. § 7216.............................................................................................4

Federal Rules of Civil Procedure, Rule 45 ........................................................7, 8, 9

## **REGULATIONS**

16 C.C.R. § 51.1 .............................................................................................4

26 C.F.R. § 301.7216-1 ...................................................................................4

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- ii -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE CITY'S OVERREACHING, UNSUPPORTED STATEMENTS MUST BE CORRECTED

The City of Costa Mesa's (the "City") 26-page Opposition is a good example of the overreaching that has been going on in this matter.  The length alone shows how much the City has overworked every issue, starting with the overbroad requests in the Subpoena, which the Court whittled down significantly.  More importantly, the Opposition is filled with conclusions and accusations that contradict the record and/or are fabricated out of whole cloth: without foundation, the City attacks RJI Ramirez Jimenez International CPA's ("RJI") integrity, misstates the Court's rulings, and attempts to evade its mandatory statutory obligation to reimburse RJI for complying with the Subpoena, all of which are exacerbated by the full-bore approach of the City's counsel, Christopher Lee.  The conduct displayed in the City's Opposition, alone, should be sanctioned.

RJI will not belabor this Court by identifying each of the City's unsupported or false statements in the Opposition, but the following are among the most egregious arguments, which RJI corrects for the record:

- The City argues that plaintiff Casa Capri Recovery, Inc.'s ("Casa Capri") tax returns were "expressly excluded" in the Subpoena.  (Opp'n at 14:5-9.)  In fact, as the Court may recall, the tax returns were at the heart of their requests.  The Subpoena not only included tax returns in its blanket requests for "all document(s) related to the financial information" of Casa Capri and its purported agents, but also, the Court admonished Mr. Lee at the November 15, 2019 conference that the City's requests for Casa Capri's tax records contravened the Court's prior rulings, and Mr. Lee still assertively pushed for tax records in the two following discovery conferences during the

/ / /

/ / /

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL

RJI deposition, and each time the Court turned Mr. Lee down. ***This whole dispute was about the City's repeated attempts to obtain Casa Capri's tax returns, and Mr. Lee's statement to the contrary is blatantly false.***

- The City argues that RJI "essentially did everything in its power not to comply" with the Subpoena. (Opp'n at 7:5, 15:14-23:8.). On the contrary, RJI advised the City that RJI could not comply with the Subpoena, as drafted, and requested to be heard by the Court for clarification and rulings on the Subpoena's permitted scope. The Court agreed with RJI's objections as to the vastly overbroad scope and distilled the Subpoena's document requests and testimony topics only to the source data that Casa Capri provided to RJI – all of which RJI produced. After RJI undertook a subsequent search and produced additional documents after the deposition, the City never took issue with the completeness of the production, asserting this argument only after RJI requested reimbursement of fees. Further, although Mr. Lee may have wished for more documents than the Court ordered (to which he was not entitled), any additional documents from RJI would have been unnecessary and immaterial, as the City has obtained summary judgment against Casa Capri. Mr. Lee entirely ignores that fact. ***RJI complied with the Subpoena, as modified by the Court's rulings, and this red herring argument is the City's attempt to evade its obligation to reimburse RJI.***

- The City argues that the fees incurred by RJI were not significant nor reasonable. (Opp'n at 23-28.) On the contrary, as corroborated by the Declaration of Manuel J. Ramirez, CPA filed concurrently with the Motion, RJI is a mid-sized accounting firm, and the approximate sum of $41,147.60 has a significant impact on RJI (even setting aside the novel coronavirus pandemic's impact on accounting firms' level of business, its ability to work remotely, and concerns relating to quality of receivables). Further, the City

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

severely downplays the actions required to get to this point – it required RJI's counsel to spend significant time conferring with RJI's client, with Casa Capri regarding confidentiality issues, reasoning (or attempting to reason) with Mr. Lee, appearing at two discovery conferences, attending the full-day deposition of Mr. Ramirez and appearing at the two discovery conferences held during the deposition, and seeking reimbursement of such fees. ***RJI's fees were significant and were reasonably incurred.***

- The City argues that RJI was "not a disinterested third party." (Opp'n at 28:18.).  The Court has already stated that it is not "fair" to "an unrelated third party, like an accounting firm," to pay for costs of compliance in a civil matter.  (Decl. Nadine Shu Rong Tan ("Tan Decl.") at ¶ 6, Exh. 4 at 47:1-7.) Even after such a finding, the City falsely implicates RJI as being "well aware of the illegal dealings between Plaintiff and Windward Way" and argues that RJI "admitted" it vetted such alleged transactions for compliance with laws and regulations – the City and/or Mr. Lee should be sanctioned for these false statements, alone.  (Opp'n at 28:19-22.)  In fact, one of the relevant lines of questioning in the deposition involved Mr. Lee improperly pushing Mr. Ramirez to answer questions regarding the legality of transactions and whether RJI verified the legality of its clients' business or income, which the Court agreed were improper questions calling for expert opinion and speculation.  (Decl. Christopher Lee in Supp. Opp'n ("Lee Decl.") at ¶ 10, Exh. 6 at 168:15-169:9.)  Further, in response to the deposition question of whether RJI did "any independent investigation or verification of the legality of [Casa Capri's] business or income," Mr. Ramirez's response was that he "would have to ask the audit partner to see if he did," and that Mr. Ramirez did not have a recollection, at the time of the deposition, of that topic being raised.  (Lee Decl. at ¶ 10, Exh. 6 at 168:23-169:10.)  The City's overreaching, misleading accusations are unsupported.

- 3 -

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL

*RJI is a disinterested third party and should not bear the expense of complying with the Subpoena.*

In sum, it cannot be overstated that the fees incurred by RJI have ballooned out of proportion to the needs of the parties and RJI's ability to pay for such costs. RJI respectfully requests that the City reimburse RJI for all the fees incurred in connection with the Subpoena.  The City's inappropriate Opposition tips the scales further in favor of shifting the fees to the City and/or awarding sanctions against the City and/or Mr. Lee.

**II.  RJI COMPLIED WITH THE SUBPOENA AND IS ENTITLED TO REIMBURSEMENT FROM THE CITY**

**A.  The City Has Made Clear That Casa Capri's Tax Records Were the Object of its Discovery Efforts, Against the Court's Multiple Rulings, and Admits that the Subpoena Was Overbroad.**

As a threshold matter, the Subpoena itself evidences the City's improper purpose.  First, it is evident that the discovery dispute was always about the City's attempts to obtain Casa Capri's tax returns.  After unsuccessfully seeking tax records from Casa Capri, the City attempted to go through the back door via Casa Capri's accountant, which clearly invited objections from Casa Capri, RJI, and potentially each of the 64 sober living homes named therein.  RJI had no choice but to serve objections to the overbroad Subpoena.[1]  To make matters worse, the City makes the absurd and clearly false assertion that the Subpoena "expressly excluded" tax returns.  (Opp'n at 14:5-9.)  In fact, the Subpoena did seek Casa Capri's tax returns in its blanket requests for "all document(s) related to the financial information" and "all documents . . . exchanged between RJI and" Casa

---

[1] RJI's objections included objections based on confidentiality of tax return information and work product, 16 C.C.R. § 51.1, 26 U.S.C. § 7216, 26 C.F.R. § 301.7216-1 (provisions applicable to accountants and tax return preparers prohibiting disclosure of confidential information and tax return information).

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS
AGAINST THE CITY AND/OR ITS COUNSEL

Capri and/or its purported agents.  In addition, the Court admonished Mr. Lee for requesting tax records against the Court's prior rulings, (Tan Decl. at ¶ 6, Exh. 4 at 45:21-46:1); and, despite all this, Mr. Lee still continued to ask for tax records at Mr. Ramirez's deposition, which the Court reiterated was prohibited: the tax returns are "what I've drawn the line in the sand for."  (Tan Decl. at ¶ 9, Exh. 6 at 45:14-15.)

Second, in the Opposition, the City *finally* admits, albeit using more words than it needed, that its intent in subpoenaing RJI was to obtain only Casa Capri's financial information – in other words, the bulk of the Subpoena sought irrelevant information.  According to the City, Casa Capri "was under an obligation to obtain from RJI all of its responsive financial documents.  Plaintiff failed, forcing the City to seek responsive documents from RJI directly."  (Opp'n at 8:18-19.)  Contrary to this intent, however, the Subpoena sought, among other things, "All DOCUMENT(S) RELATED TO [RJI'S] transactions, relationship, or business dealings with any SOBER LIVING HOME" (64 entities, to be exact).  Mr. Lee's Inquisition-like discovery conduct made "[z]ero" sense, as the Court correctly found.  (Tan Decl. at ¶ 6, Exh. 4 at 4:16-5:3.)  Mr. Lee has revealed his hand – that the Subpoena's vast scope of irrelevant matters, which necessitated RJI's efforts to narrow the Subpoena significantly, should not have occurred in the first place.  Moreover, the Subpoena was served in November 2019 in the middle of year-end accounting work for RJI, and the City leveraged the parties' then-imminent discovery cut-off date to impose pressure on RJI.  Such discovery conduct is improper, especially when a third party like RJI suffers as a result.

**B.** **RJI Fully Complied With the Subpoena, and the City's Attempts to Evade Responsibility Should Be Disregarded.**

Third, the City completely mischaracterizes RJI's conduct as "essentially [doing] everything in its power not to comply" with the Subpoena.  (Opp'n at 7:5.) This is blatantly false.

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL

At the start, RJI advised the City upfront that it could not comply with the Subpoena, as drafted, because of myriad objections based on overbreadth, client confidentiality, tax return privilege, undue burden, and other grounds.  When Mr. Lee refused to budge on these issues, RJI was forced to affirmatively request to be heard by the Court in order to obtain clarification and rulings on the Subpoena's permitted scope.  If RJI were intent on doing "everything in its power not to comply," as the City falsely accused, would RJI have requested to be inserted into a discovery conference, which led to three more discovery conferences?  Would RJI have spent significant time determining in good faith the universe of potentially responsive documents and expected costs of collecting, reviewing, and producing documents?  Would RJI have agreed to produce Mr. Ramirez at the deposition which turned out to be a full-day affair?[2]  Would RJI have volunteered to search for additional responsive documents after the deposition and produced these additional documents?  As shown by these rhetorical questions, the City's absurd argument of non-compliance should not even warrant a response.

Indeed, it was only *after* RJI requested reimbursement of fees that the City claimed, without basis, that RJI's production was incomplete.  RJI produced documents in compliance with the Court's rulings and, when asked if the City would be seeking documents other than the source data that was produced, Mr. Lee stated on the record twice that the City would not be pursuing such documents at this time.  The City also argues there are alleged differences between the documents produced by Casa Capri and those produced by RJI, and that neither plaintiff nor RJI has offered any explanation.  This argument, too, was raised only after RJI requested fees, and it is irrelevant.  The City never previously provided any evidence of such alleged differences and even the citation in the Opposition – an

---

[2] As the Court may recall, Mr. Lee also asked Mr. Ramirez to perform calculations on the spot and posed questions as if he were an expert witness, to which RJI objected and the Court sustained. (*See* Tan Decl. at ¶ 9, Exh. 6 at 38:12-18.)

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS
AGAINST THE CITY AND/OR ITS COUNSEL

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

internal email memo from a paralegal at Mr. Lee's firm – is inadequate and self-serving.  Further, RJI does not know what has been produced in the litigation, nor is that relevant as to RJI's obligations as a third party.

Furthermore, the City's attempt to turn the tables against RJI is irrelevant and another example of inappropriate overreaching.  For one, there is no recourse under Rule 45 of the Federal Rules of Civil Procedure ("Rules") for the ***subpoenaing party*** to seek reimbursement from the ***subpoenaed party***; Rule 45 offers one-way relief for RJI to seek reimbursement from the City.[3]  The City even falsely implicates RJI in alleged "illegal dealings between Plaintiff and Windward Way" and asserts that RJI "admitted" it vetted such alleged transactions for compliance with laws and regulations.  (Opp'n at 28:19-22.)  The City cites to no evidence for these accusations, nor can it, because these accusations are false.[4]

In sum, as much as it tries to muddy the record, the City cannot evade its mandatory statutory obligations to RJI.  It is not fair for RJI to bear these expenses.

## C. The City's Blaming of Casa Capri, Whether Supported or Not, Has No Bearing on this Motion.

In its Opposition, the City again focuses on Casa Capri's alleged discovery conduct in the litigation, rendering RJI collateral damage.  The City opens its

---

[3] The City filed a motion for attorneys' fees against Casa Capri, which is pending before Hon. James V. Selna.  (ECF No. 139.)  In that motion, the City argues that Casa Capri is responsible for fees and costs in the litigation, including the fees incurred by RJI, which RJI is seeking against the City in the instant motion.  The City is pinning the liability for fees on everyone but itself, without regard for accuracy and in hopes that something will stick.  This type of overreaching should not be condoned.

[4] The City cites to no evidence, but the deposition testimony on which the City appears to rely for this allegation was the question of whether RJI did "any independent investigation or verification of the legality of [Casa Capri's] business or income."  Mr. Ramirez's response was that he "would have to ask the audit partner to see if he did," and that Mr. Ramirez did not have a recollection, at the time of the deposition, of that topic being raised.  (Lee Decl. at ¶ 10, Exh. 6 at 168:23-169:10.)  This testimony does not at all support the City's conclusory accusation.

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

- 7 -

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL

Opposition with six pages, including the lead argument, entirely devoted to pointing the finger at Casa Capri in what appears to have been a contentious litigation between the parties.[5]  This evasive blame game is irrelevant.  As detailed in the Motion, RJI should not be a "judgment . . . creditor chasing after one law firm or the other" in search of reimbursement.  (Mot. at 6:12-13.)  This Motion is brought pursuant to Rule 45, which imposes the obligation *on the subpoenaing party, the City.*  Fed. R. Civ. P. 45(d)(1) ["A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."].

Further, the City ignores the key fact that it obtained summary judgment against Casa Capri (its renewed motion was filed January 21, 2020, after RJI completed its production and after the deposition).  RJI produced the full scope of documents that the Court ordered, and any additional documents that the City may have wished for (to which it was not entitled) would be immaterial anyway, as evidenced by the summary judgment ruling.  RJI complied with the Subpoena and is entitled to reimbursement from the City.

## III.    RJI'S FEES ARE SIGNIFICANT FOR RJI AND WERE REASONABLY INCURRED

RJI has made a sufficient showing that the sum of approximately $41,000 requested is a significant amount vis-à-vis RJI.  Out of thin air, the City asserts, because "[s]mall businesses do not need an outside IT firm just to search their own files for one client's documents," it must mean that RJI is a large firm with multiple file locations.  (Opp'n at 27:24-25.)  This is pure speculation, and also illogical.  The reality is that large companies typically have an in-house IT department, and small or mid-sized companies have to outsource such services.  As corroborated in

---

[5] This argument is reiterated in the City's pending motion for attorneys' fees against Casa Capri.  (ECF No. 139.)

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 8 -

Mr. Ramirez's declaration, RJI is a mid-sized Orange County accounting firm with a single location in Irvine, with fewer than 20 CPAs, and the fees incurred have a very significant impact on RJI.  (Ramirez Decl. at ¶ 7.)  RJI's need to engage an outside IT vendor to search for additional files and electronically stored information supports the fact of its limited size and resources to absorb overhead and other costs.  RJI should not be required to disclose any confidential financial information about its book of business but, should the Court require additional information, RJI requests clarification and an opportunity to produce such documents to the Court *in camera* or under seal.

As for the reasonableness of the fees, the City severely downplays the efforts RJI needed to undertake to arrive at this point, including substantial meet and confer discussions with counsel for the City and for Casa Capri, drafting objections, discussing with the client regarding collecting and reviewing potential responsive documents, reviewing documents before production, attending a full-day deposition, being heard at four discovery conferences before the Court, and the protracted efforts to seek reimbursement.  Finally, the attorneys' fees are reasonable under a lodestar analysis, which the City does not dispute.

## IV.   THE CITY'S CONDUCT IN CONNECTION WITH THE SUBPOENA, COUPLED WITH UNSUPPORTED AND FALSE STATEMENTS IN ITS OPPOSITION, WARRANT SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL

The City and/or its counsel's conduct rises to the level of sanctionable conduct under Rule 45(d)(1), as the City issued the Subpoena "in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *In re Subpoena On Qualcomm Inc.*, No. CV 14CV1611-BAS (BLM), 2014 WL 4351952, at \*2 (S.D. Cal. Sept. 2, 2014) (citations omitted).  Further, in the City's Opposition, the City, through Mr. Lee, made blatantly false statements.  Much of the fees could have been avoided had the City issued a properly tailored Subpoena or had been

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 9 -

willing to meet and confer in good faith instead of rehashing arguments and document demands (including demands for Casa Capri's tax returns) at each discovery conference and Mr. Ramirez's deposition – against prior Court rulings. The Opposition is chock full of statements and arguments that are factually unsupported, contradicted by the record, and/or just plain false.

Mr. Lee has demonstrated repeated conduct that should not go unsanctioned. In response to the excerpts from the related action *National Therapeutic Services, Inc. v. City of Costa Mesa*, Case No. 8:18-CV-01080-JVS-PJW, in which this this Court admonishes Mr. Lee at a motion to compel hearing, Mr. Lee attempts to brush the issue aside as "a completely irrelevant Order in a different lawsuit regarding different issues." (Opp'n at 5:27-28.) Not so. The two actions are literally deemed "related," involve the same attorneys with respect to the motion to compel that was the subject of the *National Therapeutic* hearing, are both before the same Court, and the *National Therapeutic* hearing took place in February 2020, just about two months after RJI's production and deposition. Mr. Lee's conduct and the Court's findings and admonishments therein are relevant here to the Court's determination of a proper remedy in this case. The City and/or its counsel's overbearing approach to discovery, especially as relates to a third party, coupled with blatant misstatements to the Court, must be sanctioned.

/ / /

/ / /

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 10 -

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS AGAINST THE CITY AND/OR ITS COUNSEL

## V.  RJI'S MOTION SHOULD BE GRANTED IN ITS ENTIRETY

For the foregoing reasons, the City must reimburse RJI for the fees and costs RJI incurred in connection with the Subpoena, including this Motion.  RJI also requests that the Court impose sanctions against the City and/or its counsel in the event the Court does not shift the attorneys' fees to the City.

DATED: May 5, 2020                 PARKER, MILLIKEN, CLARK,
                                                      O'HARA & SAMUELIAN
                                                   A Professional Corporation


                                                   By:        */s/ Nadine Shu Rong Tan*
                                                              RICHARD D. ROBINS
                                                              NADINE SHU RONG TAN

                                                   Attorneys for Third Party
                                                   RJI RAMIREZ JIMENEZ
                                                   INTERNATIONAL CPAS

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

- 11 -

RJI'S REPLY ISO MOTION FOR FEES AND COSTS AND FOR SANCTIONS
AGAINST THE CITY AND/OR ITS COUNSEL